Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9114 | **DATE** | January 17, 2012 |
| **CASE TITLE** | Raymond Homer (#2011-0520067) vs. City of Chicago Police Dept., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. The court hereby appoints Robert D. Kolar, Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, Illinois 60606-6308, (312) 627-4000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues the Chicago Police Department and members of its force for alleged violations of his Fourth Amendment rights. The plaintiff appears to claim that police officers used unjustified force against him, conducted an unnecessarily destructive search of his home, planted evidence, and illegally seized personal property they knew had no evidentiary value.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a twelve-cent balance in his inmate trust account and average monthly deposits of zero, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent **(CONTINUED)**

mjm

to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates potentially colorable federal causes of action with respect to the allegedly illegal search and seizure. If the police engaged in the misconduct alleged, the plaintiff may be entitled to relief under 42 U.S.C. § 1983.

Due to the serious nature of the plaintiff's allegations, as well as his apparent inability to litigate this matter *pro se*, the court hereby appoints Robert D. Kolar, Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd Floor, Chicago, Illinois 60606-6308, (312) 627-4000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.