SH2/pa/541536                                                                 70-1201

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RAYMOND HOMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICER CHRISTINE NERE, Star No. 21076; ) | NO:   11 CV 9114 |
| SGT. MARK GEORGE, Star No. 2256; SGT. T. ) | |
| WEIGLEIN, Star No. 2421; OFFICER ROBERT ) | Judge Sharon Johnson Coleman |
| J. FOSS, Star No. 5854; OFFICER M. TROST, ) | |
| Star No. 10363; OFFICER BENJAMEN H. ) | Magistrate Judge Jeffrey Cole |
| FERN, Star No. 7537; OFFICER L. RUSSELL, ) | |
| Star No. 18590; OFFICER R. WARD, STAR No. ) | |
| 9283; OFFICER A. GARCIA, Star No. 14438; ) | |
| OFFICER T. ADAMS, Star No. 9186; OFFICER ) | |
| M. RIX, Star No. 4582; OFFICER A. ZAMZOW, ) | |
| Star No. 17751; OFFICER I. TORRES, Star No. ) | |
| 19724; OFFICER K. MATTSON, Star No. 3615; ) | |
| and MS. KLOPP, COOK COUNTY DEPUTY ) | |
| SHERIFF STEPHEN DAVIS, Star No. 10314; ) | |
| THE CITY OF CHICAGO, named as a nominal ) | |
| defendant party for the purposes of ) | |
| indemnification; COOK COUNTY, named as a ) | |
| nominal defendant party for the purposes of ) | |
| indemnification, ) | |
| Defendants. | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, RAYMOND HOMER, by and through his attorneys ROBERT D. KOLAR and SONJE HAWKINS, TRESSLER LLP, and for his Complaint against the Defendants, states the following:

## INTRODUCTION

1. This action is brought pursuant to 42 USC § 1983, to redress the deprivation, under color of law, of the Plaintiffs rights as secured by the United States Constitution. This action also states various claims under the common law of the State of Illinois.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 28 USC § 1331 and 28 USC § 1343(a)(3). Jurisdiction also exists under 28 USC § 1367 and 42 U.S.C. § 1983. Venue is proper under 28 USC § 1391(b) inasmuch as, on information and belief, all of the parties to this action reside in this judicial district, and, the events giving rise to this action all occurred within the District.

## PARTIES

3. Plaintiff RAYMOND HOMER was, at all times relevant, a resident of Chicago, Illinois.

4. Defendant CHRISTINE M. NERE, Star No. 21076, is, and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

5. Defendant Sgt. MARK GEORGE, Star No. 2256, is, and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

6. Defendant Sgt. T. WEIGLEIN, Star No. 2421, is, and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

7. Defendant Officer ROBERT J. FOSS, Star No. 5854, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

8. Defendant Officer M. TROST, Star No. 10363, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

9. Defendant Officer BENJAMIN H. FERN, Star No. 7537, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

10. Defendant Officer L. RUSSELL, Star No. 18590, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

11. Defendant Officer R. WARD, Star No. 9283, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

12. Defendant Officer A. GARCIA, Star No. 14438, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

13. Defendant Officer T. ADAMS, Star No. 9186, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

14. Defendant Officer M. RIX, Star No. 4582, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

15. Defendant Officer A. ZAMZOW, Star No. 17751, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

16. Defendant Officer I. TORRES, Star No. 19724, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

17. Defendant Officer K. MATTSON, Star No. 3615, is and was on May 19, 2011, a duly sworn City of Chicago Police Officer and was, at all times relevant, employed in that capacity by the City of Chicago.

18. Defendant MS. KLOPP is an individual who resides at 2537 North Lowell, Chicago, Illinois. At all times relevant, Ms. Klopp acted pursuant to a conspiratorial plan and agreement with the Defendant City of Chicago Police Officers to deprive Plaintiff of his property and his rights protected under the United States Constitution.

19. Defendant STEPHEN DAVIS is and was a duly sworn Sheriff's Deputy for the County of Cook on May 19, 2011, and was, at all times relevant, employed in that capacity by the County of Cook.

20. At all times material and relevant to this Complaint, all of the above-named Defendants City of Chicago Police Officers and Deputy Sheriff STEPHEN DAVIS were acting under color of state law, ordinance, and/or regulation. Each of the Defendant officers and Deputy DAVIS are sued in their individual capacities.

21. Defendant, CITY OF CHICAGO, is sued as a nominal defendant party for the purposes of indemnification.

22. Defendant, COOK COUNTY, is sued as a nominal defendant party for the purposes of indemnification.

## COMMON FACTS

23. Plaintiff RAYMOND HOMER is an individual who is partially paralyzed and needs and uses leg braces and a wheelchair to move about.

24. At approximately 10:45 a.m. on the morning of May 19, 2011, Plaintiff HOMER was asleep in his bed, in the bedroom of his basement apartment located at 2537 North Lowell, Chicago, Illinois.

25. At that time, several and/or all of the Defendant Chicago police officers and deputy sheriff DAVIS entered and stormed into the Plaintiffs apartment with great force. Plaintiff HOMER was then violently and forcefully pulled from his bed and thrown onto the floor by Defendant Sgt. T. WEIGLEIN, Defendant Sgt. MARK GEORGE, Defendant Officer M. TROST, Defendant Officer R. WARD, and Cook County deputy sheriff STEPHEN DAVIS. These Defendants then proceeded to severely beat Plaintiff HOMER by striking and punching Plaintiff about his head, face, ribs, back and various parts of his body. Plaintiff HOMER was then handcuffed by one or more of these Defendant officers, with said handcuffs being applied to both of the Plaintiff's wrists in an unnecessary and unreasonably forceful, tight, and injurious manner.

26. At the time when Plaintiff was forcefully pulled from his bed in the aforesaid manner, several other unknown, but named Defendant police officers and unknown Cook County deputy sheriffs were present in the Plaintiffs bedroom, and all of these unknown police officers

5

and deputy sheriffs saw the violent, unreasonable beating of the Plaintiff, and, these unknown but named Defendants were then and there in a position to stop their fellow officers from punching, striking, and beating the Plaintiff as described above. Yet, these unknown City of Chicago police officers and Cook County deputy sheriffs deliberately refused to, and did nothing to, prevent or stop the beating of Plaintiff RAYMOND HOMER.

27. After being handcuffed, Plaintiff RAYMOND HOMER was then carried out of his basement apartment by Defendant Officer R. Ward and another unknown, named Defendant Chicago Police Officer. As Plaintiff HOMER was carried from his basement apartment, he was again beaten and again struck and punched about the head, face and rib cage by Officer Ward and another unknown, named City of Chicago Police Officer Defendant. At this time, Defendant Officers, including Detective Christine Nere, Officer, Torres, Sgt. Mark George, and other unknown named City of Chicago Police Officers were present and saw this additional violent beating of Plaintiff Homer. Each of these Defendants was then in a position to stop their fellow officers from striking and beating Plaintiff HOMER. Yet, each of these Defendant officers deliberately refused to, and did nothing to, stop the beating of Plaintiff HOMER.

28. On or about May 19, 2011, Defendant Officer Foss, Officer Fern, Sgt. Weiglein, Officer Zamzow, Detective Christine Nere, Sgt. M. George, and other unknown, Defendant City of Chicago Police Officers and unknown Cook County Sheriffs Deputies conspired and colluded with Defendant Mrs. Klopp, to deprive Plaintiff HOMER of his property, including, but not limited to, his cash in the amount of approximately $1,500, his electric wheelchair, his Samsung television, his furniture, and his property located in his rented garage, including his van, his 1968 custom Harley Davidson, all of his tools, and other assorted personal property of Plaintiff RAYMOND HOMER, without due process of law. In furtherance of the aforesaid conspiratorial

plan and agreement, the Defendant Police Officers turned over to Mrs. Klopp all of the aforesaid personal property which was owned by Plaintiff RAYMOND HOMER.

29. After handcuffing and removing Plaintiff HOMER from his apartment, Plaintiff HOMER asked Defendant Officers, including Sgt. George, Sgt. Weiglein, Officer Trost, and other named Defendant City of Chicago Police Officers to transport him to a hospital for treatment of his diverse injuries sustained as a result of the aforesaid unlawful, unreasonable beatings and uses of force. With conscious, deliberate indifference to Plaintiff HOMER's serious need for immediate medical attention, the Defendant officers refused to transport him to a local hospital and refused his requests for immediate medical attention.

## COUNT I

**(Claim under the Fourth Amendment, as Incorporated by the Fourteenth Amendment, for Unreasonable, Excessive Force)**

For Count I of this Complaint against all Defendant City of Chicago Police Officers and Cook County Deputy Sheriff Stephen Davis, Plaintiff RAYMOND HOMER states as follows:

30. Plaintiff realleges and restates as though fully set forth herein, paragraphs 1 through 27, above.

31. The acts of the Defendant Police Officers in striking and beating Plaintiff RAYMOND HOMER violated the Plaintiffs federally-protected rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures.

32. The actions of the Defendant Police Officers were the direct and proximate cause of the violations of the Plaintiffs Fourth Amendment rights and his resulting injuries, including diverse bodily injuries, mental suffering, emotional distress, anguish and humiliation.

7

33. Each of the Defendant City of Chicago Police Officers and Deputy Sheriff Stephen Davis acted maliciously, wantonly and oppressively in subjecting Plaintiff HOMER to unreasonable, unnecessary use of force and exercised such unnecessary force not for the purposes of preserving order, but for the purposes of inflicting punishment.

WHEREFORE, Plaintiff RAYMOND HOMER demands actual or compensatory damages against the Defendant City of Chicago Police Officers, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, and because they acted maliciously, wantonly and oppressively, Plaintiff also prays for entry of an award of punitive damages, plus costs of this action, attorney's fees, expenses, and for such other additional relief as this Court deems equitable and just.

## COUNT II

**(Claim under the Fourth Amendment, as Incorporated by the Fourteenth Amendment, for Failure to Intervene)**

For Count II of his Amended Complaint, against all City of Chicago Defendant Police Officers and Cook County Deputy Sheriff Stephen Davis, Plaintiff RAYMOND HOMER states as follows:

34. Plaintiff restates and realleges, as though fully set forth herein, paragraphs 1 through 27, above.

35. In the manner described above, and during the constitutional violations described above, the Defendant City of Chicago Police Officers and Cook County Deputy Sheriff Stephen Davis stood by without intervening or preventing the misconduct of their fellow officers in beating Plaintiff HOMER and in their use of unreasonable, excessive force upon Plaintiff RAYMOND HOMER.

36. As a result of the Defendant Officers' failure to intervene to prevent the violation of the Plaintiff's Fourth Amendment rights, Plaintiff HOMER suffered diverse pain and bodily injuries, as well as mental and emotional distress, anguish and humiliation. All of the Defendant police officers had a reasonable opportunity to prevent this harm, but failed to do so.

37. The misconduct described in this count was objectively unreasonable and was undertaken intentionally and with wilful and conscious indifference to Plaintiff HOMER's constitutional rights.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully requests that this Court enter judgment in his favor and against all City of Chicago Police Officer Defendants, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, awarding compensatory damages, costs and attorney's fees, along with punitive damages against each of the Defendants named in this count, as well as any other relief that this Court

## COUNT III

**(Conspiracy under the Fourth Amendment, as Incorporated by the Fourteenth Amendment, to Deprive Plaintiff of His Property)**

For his Count III against all Defendant City of Chicago Police Officers, Cook County Deputy Sheriff Stephen Davis and Ms. Klopp, Plaintiff RAYMOND HOMER states as follows:

38. Plaintiff restates and realleges, as though fully set forth herein, paragraphs 1 through 27, above.

39. In the manner more fully set forth above, all of the Defendant City of Chicago Police Officers and Cook County Deputy Sheriff Stephen Davis entered into a conspiratorial plan, agreement and understanding with Ms. Klopp, and each of them engaged in a course of

9

conduct and otherwise jointly acted and conspired between themselves for the purpose of depriving Plaintiff HOMER of his personal property.

40. The aforesaid conspiracy or conspiracies and overt acts were continued from on or about May 19, 2011, and continue through and to the present.

41. This conspiracy proximately caused injuries to Plaintiff as set forth above, including the loss of his personal property and personal possessions.

42. The conspiratorial plan and misconduct described in this count was undertaken with malice, wilfulness, and reckless indifference to the property rights of Plaintiff RAYMOND HOMER.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully requests that this Honorable Court enter judgment in his favor and against all of the above-named Defendants, awarding compensatory damages, costs, and attorney's fees, along with punitive damages against each of the Defendants named

## COUNT IV

**(Claim under the Fourth Amendment, as Incorporated by the Fourteenth Amendment, for Failure to Provide Medical Attention and Treatment)**

For his Count IV against all City of Chicago Defendant police officers and Cook County Deputy Sheriff Stephen Davis, Plaintiff RAYMOND HOMER states as follows:

43. Plaintiff restates and realleges paragraphs 1 through 27, above, as though fully set forth herein.

44. In the manner more fully set forth above, despite having knowledge of the Plaintiffs physical pain and physical injuries, each of the City of Chicago Defendant Police Officers and Defendant Cook County Sheriff Deputy Stephen Davis failed to provide Plaintiff

HOMER with medical attention, in violation of the United States Constitution, in that the conduct of the Defendants was objectively unreasonable and deliberately indifferent to Plaintiffs serious medical needs.

45. As a direct and proximate result of the Defendants' violation of the Plaintiff's constitutional right, Plaintiff HOMER was damaged and caused to endure great physical suffering, in addition to mental and emotional distress, anguish and humiliation.

46. The Defendant Police Officers' misconduct was egregious, malicious, and, constituted a wilful violation of the Plaintiffs constitutional rights.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully prays that this Honorable Court enter judgment in his favor and against all City of Chicago Police Officer Defendants, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, awarding him compensatory damages, costs and attorney's fees, along with punitive damages against each of the Defendants named in this count, as well as any other relief that this Court deems just and equitable.

## COUNT V

### (Common law Battery, Brought Pursuant to Court's Supplemental Jurisdiction)

For Count V of his Amended Complaint against all City of Chicago Police Officer Defendants and Cook County Deputy Sheriff Stephen Davis, Plaintiff RAYMOND HOMER states as follows:

47. Plaintiff restates and realleges, as though fully set forth herein, paragraphs 1 through 27, above.

48. In the manner more fully set forth above, each of the Defendant, City of Chicago Police Officers and Defendant Cook County Deputy Sheriff Stephen Davis violently beat and

struck Plaintiff RAYMOND HOMER, and these acts were done with an intent to cause the harmful and offensive contact with Plaintiffs person, and, these harmful or offensive contacts were done without the consent or permission of Plaintiff HOMER.

49. The aforesaid actions of the Defendant Police Officers constituted a battery upon the Plaintiff's person and these unlawful contacts were done intentionally, wilfully, maliciously, recklessly and insultingly by the Defendants.

50. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff suffered diverse physical pain and injury, in addition to emotional and mental distress, anguish, and humiliation.

WHEREFORE, Plaintiff RAYMOND HOMER prays that this Honorable Court enter judgment in his favor and against all City of Chicago Police Officer Defendants, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, awarding him compensatory damages in an amount greater than $50,000, along with punitive damages against each of the Defendants named in this count, as well as any other relief that this Court deems just and equitable.

## COUNT VI

**(Common Law Claim for Intentional Infliction of Emotional Distress, Brought Pursuant to Court's Supplemental Jurisdiction)**

For Count VI of his Amended Complaint, brought as a state law claim for intentional infliction of emotional distress against all Defendant City of Chicago Police Officers and Cook County Deputy Sheriff Stephen Davis, Plaintiff RAYMOND HOMER states as follows:

51. Plaintiff restates and realleges paragraphs 1 through 27, above, as though set forth herein.

52. In a manner more fully set forth above, the actions and conduct of the Defendant Police Officers were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff RAYMOND HOMER.

53. The aforesaid actions of the Defendant Police Officers were undertaken with malice, wilfulness and with reckless indifference to the rights of Plaintiff RAYMOND HOMER.

54. As a direct and proximate result of the Defendant Police Officers' wrongful and unlawful acts, Plaintiff HOMER suffered damages, including severe emotional distress and mental anguish.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully prays that this Honorable Court enter judgment in his favor and against all Defendant City of Chicago Police Officers, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, awarding him compensatory damages in an amount greater than $50,000, costs, attorney's fees, along with punitive damages against each of the Defendant officers named in this count, as well as any other relief which this Court deems just and equitable.

## COUNT VII

**(Conversion-Conspiracy to Deprive Plaintiff of His Property, Brought Pursuant to Court's Supplemental Jurisdiction)**

For Count VII of his Amended Complaint against all named Defendants, Plaintiff RAYMOND HOMER states as follows:

55. Plaintiff restates and realleges paragraphs 1 through 27, above, as though fully set forth herein.

56. In a manner more fully set forth above, all of the Defendants reached an understanding, and engaged in a course of conduct, and conspired among and between themselves to maliciously convert Plaintiff's property.

57. Said conspiracy and overt acts in furtherance of said conspiracy continued from on or about May 19, 2011, through and to the present.

58. This conspiracy proximately caused Plaintiff to be deprived of his various personal property, as set forth above.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully prays that this Honorable Court enter judgment in his favor and against all Defendant City of Chicago Police Officers, Cook County Deputy Sheriff Stephen Davis, the City of Chicago as a nominal defendant party, and Cook County as a nominal defendant party, awarding him compensatory damages in an amount greater than $50,000, costs, attorney's fees, along with punitive damages against each of the Defendant officers named in this count, as well as any other relief which this Court deems just and equitable.

## COUNT VIII

### (Indemnification under the Illinois Tort Immunity Act)

For Count VIII of his Amended Complaint against all named Defendants, Plaintiff RAYMOND HOMER states as follows:

59. Plaintiff restates and realleges paragraphs 1 through 27, above, as though fully set forth herein.

60. Section 9-102 of the Illinois Tort Immunity Act states that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages

(and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."

61. Pursuant to Sec. 9-102 above, the City of Chicago and Cook County are empowered and directed to indemnify all individually named Defendant City of Chicago Police Officers named herein and Defendant Deputy DAVIS.

WHEREFORE, Plaintiff RAYMOND HOMER respectfully prays that this Honorable Court enter judgment in his favor and against all Defendants, awarding him compensatory damages greater than $50,000, costs, along with punitive damages against each of the Defendants named in this count, as well as any other relief that this Court deems just and equitable.

RAYMOND HOMER

_____
One of his attorneys

Robert D. Kolar
Sonje Hawkins
TRESSLER, LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
(312) 627-4000; (312) 627-1717 (fax); rkolar@tresslerllp.com; shawkins@tresslerllp.com

#542621                                                                                                                             70-1201

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RAYMOND HOMER, )<br>)<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICER CHRISTINE NERE, Star No. 21076; )<br>SGT. MARK GEORGE, Star No. 2256; SGT. T. )<br>WEIGLEIN, Star No. 2421; OFFICER ROBERT )<br>J. FOSS, Star No. 5854; OFFICER M. TROST, )<br>Star No. 10363; OFFICER BENJAMEN H. )<br>FERN, Star No. 7537; OFFICER L. RUSSELL, )<br>Star No. 18590; OFFICER R. WARD, STAR No. )<br>9283; OFFICER A. GARCIA, Star No. 14438; )<br>OFFICER T. ADAMS, Star No. 9186; OFFICER )<br>M. RIX, Star No. 4582; OFFICER A. ZAMZOW, )<br>Star No. 17751; OFFICER I. TORRES, Star No. )<br>19724; OFFICER K. MATTSON, Star No. 3615; )<br>and MS. KLOPP, COOK COUNTY DEPUTY )<br>SHERIFF STEPHEN DAVIS, Star No. 10314; )<br>THE CITY OF CHICAGO, named as a nominal )<br>defendant party for the purposes of )<br>indemnification; COOK COUNTY, named as a )<br>nominal defendant party for the purposes of )<br>indemnification, )<br>)<br>      Defendants. ) | NO:    11 CV 9114<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey Cole |

## CERTIFICATE OF SERVICE
## BY ELECTRONIC FILING

     I hereby certified that on May 30, 2012, I electronically filed the First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Robert D. Kolar
Sonje Hawkins
TRESSLER, LLP
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
(312) 627-4000

(312) 627-1717 (fax)
rkolar@tresslerllp.com
shawkins@tresslerllp.com